UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ZAC YOUNG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 23-3364-CRL-KLM |
| ) | |
| GEM CITY ACCOUNT ) | |
| SERVICE, INC., ) | |
| ) | |
| Defendant. ) | |

## **SCHEDULING ORDER**

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure (FRCP), a scheduling conference was held on  February 15, 2024,  with  plaintiff appearing by Marwan Daher and defendant appearing by Stephen F. Hedinger  .

TIME LIMITS AND SETTINGS ARE ORDERED AS FOLLOWS:

1. Initial disclosures under Rule 26 to be made by  February 22, 2024  .

2. No motions to join other parties or to amend the pleadings to be filed after  March 30, 2024  or with leave of Court.

3. The parties do not anticipate the use of expert witnesses.

4. The parties have until <u>August 15, 2024</u>, to complete all discovery. Any written discovery served subsequent to the date of this Order must be served by a date that allows the served party the full 30 days provided by the FRCP in which to comply. All depositions for discovery or use at trial shall be completed no later than the close of discovery, unless agreed to by the parties or leave of the Court is given.

5. A telephonic status hearing to discuss the status of the case and the setting of settlement conference or mediation is scheduled on <u>August 8, 2024</u>, at <u>10:30 a.m.</u> with U.S. Magistrate Judge McNaught (Court will initiate the call).

6. Motions to compel and other motions relating to discovery shall be pursued in a diligent and timely manner, but in no event filed more than 60 days following the event that is the subject of the motion (<u>e.g.</u>, failure to answer interrogatories, objections to requests for production, etc.). The parties are required to meet and confer in person on the discovery dispute as required by Rule 37(a) within the 60-day period. Except for good cause shown, any discovery motion that is not timely filed or filed after the discovery deadline will not be considered by the Court. If a motion to compel discovery is found by

the Court to be time-barred, the moving party is prohibited from making a subsequent request for the discovery which the Court has found to be time-barred. All motions to compel must contain the certification required by Rule 37 that the parties met and conferred and attempted to resolve the dispute. If the certification is not included, the motion will be denied.

7. The parties have until __September 16, 2024__, to file dispositive motions. No dispositive motions filed after that date will be considered by the Court.

8. Final pre-trial conference is scheduled for __February 11, 2025__, at __2:00 p.m.__ before US District Court Judge __Colleen Lawless__. All motions in limine and proposed jury instructions are to be filed on or before 15 days prior to the final pretrial conference unless otherwise directed by the Court. (See Local Rule 16.1 – Pre-Trial Procedures.)

9. A jury trial is scheduled for __February 18, 2025__, at __9:00 a.m.__ on the trailing calendar of US District Court Judge Myerscough.

10. Mediation will be hosted by a US Magistrate Judge upon the joint request of the parties. Counsel for one or both parties may

contact the chambers of US Magistrate Judge McNaught to make a request.

11. If the parties consent to trial before a US Magistrate Judge, the final pre-trial and trial dates may be changed. The Consent to Magistrate Judge package may be found on the Court website.

12. Electronically stored information that can reasonably be anticipated to be relevant to litigation is ordered to be preserved. The primary source of electronically stored information for production should be active data and information used in the ordinary course of business.

13. The parties are directed to meet and confer concerning provisions for a protective agreement by __March 8, 2024__. If the parties cannot agree upon a process/procedure for the discovery of protected information, a status report with proposals for the discovery of protected information shall be filed with the Court by __March 22, 2024__. Any protective agreement may be filed with the Court by __March 22, 2024__, for entry of a protective order.

14. The parties do not anticipate the need for a protocol for the exchange of discovery or disclosure of electronically stored information (ESI). For the Court to order any ESI search, the

requesting party will need to demonstrate that the need and relevancy of the material outweigh the cost and burden of retrieving and processing the ESI from such sources, including the disruption of business and information management activities. When balancing the cost, burden and need for ESI, the Court and the parties will apply the proportionality standards in FRCP 21(b)(1) and (b)(2)(C), as well as consider the technological feasibility and realistic costs of preserving, retrieving and producing ESI.

15. The following categories of ESI generally not discoverable in most cases, and if any party intends to request the preservation of production categories, then that intention should be discussed at the meet and confer conference:

    a.    "deleted", "slack", "fragmented" or "unallocated" data on hard drives;

    b.    random access memory (RAM) or other ephemeral data;

    c.    on-line access data such as temporary internet files, history, cache, cookies, etc.;

    d.    data in metadata fields that are frequently updated automatically, such as last-opened dates;

    e.    backup data that is substantially duplicative of data that is more accessible elsewhere: and

    f.    other forms of ESI whose preservation requires extraordinary affirmative measures that are no utilized in the ordinary course of business.

16. The production of privileged or work-product protected documents, ESI, or information, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or any other federal or state proceeding. This order shall be interpreted to provide the maximum protection allowed by FRCP 502(d). Nothing contained herein is intended to, or shall serve to, limit a party's right to conduct review of documents, ESI, or information for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

17. If there is an inadvertent production of materials protected by an applicable privilege, or of trial preparation materials, a party inadvertently producing such materials shall promptly upon discovery of the inadvertent production notify the recipient of the inadvertent production, identifying the materials inadvertently produced with reasonable specificity, and request that the materials be returned to the producing party. In the event that the parties cannot agree on the return of the materials, or the applicability of a

privilege, the party producing the materials shall promptly bring the matter to the Court's attention for resolution.

NOTE:   A CONTINUANCE OF THE TRIAL DATE AND /OR FINAL PRE-TRIAL DATE, DOES NOT ALTER OR EXTEND ANY OF THE OTHER DATES ABOVE.

ENTERED:     February 15, 2024

/s/ Karen L McNaught
KAREN L. McNAUGHT
UNITED STATES MAGISTRATE JUDGE